UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Plaintiff |
| v. | Criminal Action No. 3:22-cr-18-RGJ |
| DEANGELO CRENSHAW | Defendant |

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant, Deangelo Crenshaw's ("Crenshaw"), Motion to Suppress Statements ("Motion"). [DE 23]. The Unites States responded, [DE 24], and Crenshaw replied, [DE 26]. The Court held a suppression hearing, on April 27, 2022. This matter is now ripe. For the reasons below, the Court **GRANTS** the Motion [DE 23].

I. BACKGROUND

On March 1, 2022, the Government filed an Indictment against Crenshaw accusing him of conspiracy to possess with intent to distribute controlled substance, in violation of Title 21, U.S.C. § 846 and § 843(b)(1)(B). [DE 1 at 1]. According to the indictment, the United States alleges that Crenshaw, and a co-defendant, conspired to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine. [*Id.*]. The penalty for the charged offense is not less than five (5) years, but not more than forty (40) years; a fine of not more than $5,000,000; and supervised released of not less than four (4) years. [*Id.* at 3].

An arrest warrant was issued, and Crenshaw was arrested on March 16, 2022. [DE 23 at 41]. After being interviewed by a pretrial services officer, Crenshaw appeared before Magistrate Judge Lindsay for an initial appearance on March 17, 2022. [DE 24 at 46]. Crenshaw's counsel was not present at his pretrial interview. [*Id.*]. The next day, Crenshaw appeared for his detention

hearing. [*Id.*]. At the detention hearing, Crenshaw elicited testimony from the pretrial services officer that Crenshaw did receive a *Miranda* warning but chose to proceed to answer the officer's questions. [DE 31 at 92, March 18, 2022, Hrg. Tr. 5:7–15]. The United States did not produce evidence of the *Miranda* warning or its contents at the hearing on April 27.

Crenshaw moves to suppress statements he made at the pretrial interview. [DE 23]. The United States contends that the Motion is moot. [DE 24 at 47].

## II. DISCUSSION

Crenshaw argues that statements he made during the pretrial interview must be suppressed pursuant to the Fifth and Sixth Amendments to the United States Constitution. [DE 23 at 40]. Specifically, Crenshaw claims that statements made during his pretrial interview must be suppressed because they were made without counsel or an in-court waiver of counsel. [*Id.* at 43]. The United States argues that the Motion is moot because it does not intend to use Crenshaw's statements from the pretrial interview for anything other than making a bail determination. [DE 24 at 47].

### A. Standard of Review

"It is well settled that in seeking suppression of evidence the burden of proof is upon the defendant to display a violation of some constitutional or statutory right justifying suppression." *United States v. Rodriquez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003) (quoting *United States v. Feldman*, 606 F.2d 673, 679 n.11 (6th Cir. 1979)). The defendant's burden extends to both "the burden of production and persuasion." *United States v. Patel*, 579 F. App'x 449, 453 (6th Cir. 2014).

"No person shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. In *Miranda v. Arizona*, the Supreme Court, in prescribing safeguards for the

effectuation of the Fifth Amendment, held that "the prosecution may not use statements . . . stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." 384 U.S. 436, 444 (1966). The safeguards "prescribed by Miranda are to ensure that the police do not coerce or trick captive suspects into confessing." *Berkemer v. McCarty*, 468 U.S. 420, 433 (1984). If a suspect is interrogated while in custody and he does not voluntarily, knowingly, and intelligently waive his Miranda rights, any statements he makes to the police must be suppressed. *Id.* at 429.

A suspect is in custody if, under the totality of the circumstances, a reasonable person would not feel free to end the interrogation by the police and leave. *See Yarborough v. Alvarado*, 541 U.S. 652, 663 (2004). Police interrogation includes "not only. . . express questioning, but also . . . any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

### B. Analysis

Pretrial services are directed to "[c]ollect verify, and report to the judicial officer, prior to the pretrial release hearing, information pertaining to the pretrial release of each individual charged with an offense[.]" 18 U.S.C. § 3154(1). "[I]nformation obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential." *Id.* § 3153(c)(1). "Information made confidential under paragraph (1) of this subsection is not admissible on the issue of guilt in a criminal judicial proceeding[.]" *Id.* § 3153(c)(3). However, Courts have held that information provided by the accused at a pretrial interview may be admissible for impeachment purposes. *See,*

*e.g.*, *United States v. Griffith*, 385 F.3d 124, 126 (2d Cir. 2004); *United States v. Wilson*, 930 F.2d 616, 619 (8th Cir. 1991).

Even though Crenshaw's statements may be admissible for impeachment purposes, the United States claims that it does not plan on using Crenshaw's pretrial interview statements at trial. [DE 24 at 46–47]. The United States represents that it "will only use [Crenshaw's pretrial interview] statements for the purpose allowed by statute, making a bail determination." [*Id.* at 47]. At the April 27 hearing, the United States did not produce evidence that Crenshaw received a *Miranda* warning before his pretrial interview. However, the United States again represented that it would not use Crenshaw's pretrial interview at trial for any purpose, including impeachment. Based on the United States' representations and out of an abundance of caution, the Court will **GRANT** the Motion and suppress Crenshaw's statements made during the pretrial interview.

### III. CONCLUSION

For the reasons set forth above, and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1. The Motion [DE 23] is **GRANTED**;

2. A status conference is scheduled for June 21, 2022, at 12:30 pm, before the Honorable Rebecca Grady Jennings, United States District Judge.

*Rebecca Grady Jennings, District Judge*
*United States District Court*

June 8, 2022

Cc: Counsel of record